PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00174 DAD-BAM |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON** |
| v. | |
| MARIO ROJO-ALANIZ, ET. AL. | Date: December 14, 2022<br>Time: 1:00 p.m. |
| Defendants. | Honorable Barbara A. McAuliffe |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and ANTONIO J. PATACA, Assistant United States Attorney, and all defendants, by and through their respective attorneys of record, hereby stipulate to continue the status conference in this case from December 14, 2022 until March 22, 2023 at 1:00 p.m. At that time, the parties will be prepared to set a trial date.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

STIPULATION TO CONTINUE STATUS CONFERENCE      1

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

---

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
2  justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date
3  for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
4  pretrial continuance must be "specifically limited in time").

5      The parties request that time be excluded between December 14, 2022 and March 22, 2023,
6  inclusive, for the following reasons: counsel for the defendants need additional time to review
7  discovery, consult with their clients, review the government's plea offer and discuss it with their
8  respective clients, and conduct further investigation. The discovery provided consists of several wire
9  taps, drug seizures, approximately 10,000 pages of discovery, and several gigabytes of digital discovery.
10 The government has provided plea offers to each defendant by email. The proposed status conference
11 date represents the earliest date that all counsel are available thereafter, taking into account counsels'
12 schedules, defense counsels' commitments to other clients, and the need for preparation in the case and
13 further investigation. In addition, the public health concerns cited by General Order 611, 612, and 617
14 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this
15 case because counsel or other relevant individuals have been encouraged to telework and minimize
16 personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the
17 hearing proceed.

18     The parties further believe that time should be excluded, in that failure to grant the requested
19 case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny
20 both the defendants and the government the reasonable time necessary for effective preparation, taking
21 into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv).
22 Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the
23 interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial
24 ///
25 ///

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

Act. Therefore, the parties request that the Court exclude the time until the new status conference date from calculations under the Speedy Trial Act.

Dated: December 5, 2022  PHILLIP A. TALBERT
United States Attorney

/s/ *Antonio J. Pataca*
ANTONIO J. PATACA
Assistant United States Attorney

Dated:  December 5, 2022  /s/ *Richard Oberto*
Attorney for Mario Rojo-Alaniz

Dated:  December 5, 2022  /s/ *Harry M. Drandell*
Attorney for Defendant Julio Jimenez

Dated:  December 5, 2022  /s/ *Richard Beshwate*
Attorney for Jose Gutierrez-Callado

Dated:  December 5, 2022  /s/ *Daniel Harrelson*
Attorney for Defendant Francisco Vega-Guzman

Dated: December 5, 2022  /s/ *Nicholas Reyes*
Attorney for Defendant Juan Martinez-Reyes

**ORDER**

IT IS HEREBY ORDERED that the status conference in this case be continued from December 14, 2022, until **March 22, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. The parties have not indicated when they will be ready to set the matter for trial.  In any future request for a continuance, the parties must inform the Court when they will be ready to set this case for trial. If the parties fail to do so, the Court may deny any additional continuance and keep the status conference on calendar to discuss trial setting with the parties.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 14, 2022 until March 22, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **December 5, 2022**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE