IN THE UNITED STATES DISTRICT COURT

EASTER DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:20–CR–00174–DWM–BAM–1 |
| Plaintiff, | |
| vs. | ORDER |
| MARIO ROJO-ALANIZ, | |
| Defendant. | |

Five years have passed since Defendant Mario Rojo-Alaniz was indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. (Doc. 25.) On August 6, 2025, following thirteen continuances, (*see* Docs. 79, 90, 96, 103, 108, 117, 128, 141, 144, 147, 150, 176, 203), District Judge Drozd set the jury trial in this case for November 18, 2025. (Doc. 263.) After the case was reassigned on September 19, 2025, (Doc. 269), Rojo-Alaniz filed a request to continue the November 18 trial setting on the basis that Rojo-Alaniz is now in ICE custody and defense counsel had a state homicide trial set to begin October 2, 2025. (Doc. 271.) That motion was denied. (Doc. 274.) A week later, Rojo Alaniz filed a second motion to continue trial in this matter, this time on the basis that, on October 2, defense counsel's state court trial was continued to November

1

13, 2025. (Doc. 275.) Because that state trial is anticipated to last three to four weeks, the state trial setting now conflicts with this Court's November 18 trial.

A motion hearing was held on October 9, 2025. Both sides presented argument on the pending motion, with the government indicating that it is prepared to proceed to trial on November 18 and therefore opposes a continuance. For the reasons stated on the record at the October 9, 2025 hearing and those provided below, the Rojo-Alaniz's motion to continue is denied.

Defense counsel indeed faces a defugalty, but not one that can be solved by simply kicking this trial down the road. At this point, this case has been pending for five years, defying the Speedy Trial Act's congressional mandate that, "[i]n any case in which a plea of guilty is not entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days . . . ." 18 U.S.C. § 3161(c)(1). While delay may be excused based on specific enumerated reasons, including the for a "reasonable time necessary for effective preparation" and an interest in maintaining the "continuity of counsel," *see id.* § 3161(h)(7)(B)(iv), the application of such exceptions presumes that every effort has otherwise been made to resolve the case within the statutory limitations of the Act. Indeed, the statute specifically states that the Court must "tak[e] into account the exercise of due diligence." *Id.* Here, "continuity of counsel" and "reasonable time necessary for effective preparation" have been cited in all thirteen motions to

2

continue, (*see* Docs. 78 at 3; 89 at 3; 95 at 3; 101 at 3, 107 at 3, 116 at 3, 127 at 3,

143 at 3, 146 at 3, 149 at 3, 175 at 1–2, 202 at 1–2, 259 at 1–2), including the three

motions filed after present defense counsel appeared in the matter two years ago,

(*see* Docs. 175 at 1–2, 202 at 1–2, 259 at 1–2).  Notably, the most recent

continuance was granted in part because defense counsel was out of the country for

three months (May 2025 to August 2025) and therefore unable to work on the case.

(*See* Doc. 259 at 2.)

The state case that poses a conflict for defense counsel has a similar

timeline.  Based on public records associated with that proceeding, that case has

been pending for five and a half years and defense counsel has been the attorney of

record for two and a half years.  *See People v. Valdez*, No. F19901574 (Cal. Supr.

Ct.).  That case has also been delayed by innumerable continuances with several

trial settings.  *See id.*  While defense counsel indicated he informed the state court

of this Court's November 18 trial setting, counsel also stated that because his state

client wished to proceed to trial in his state case in November, counsel withdrew

his "general time waiver" in the state case so the state court had no option but to

set his state trial within the next sixty days.

These developments have put this Court in the unenviable position of

continuing this matter over the government's objection and in contravention of the

law or placing this case on a collision course with a state homicide trial.  Neither

option is ideal.  However, the protracted history of this case and the fact its trial setting predates the trial setting in the state compels the latter course.  As made clear in this Court's prior order, "[a]t some point, this case must proceed to trial as mandated by law.  November 18, 2025 is that day." (Doc. 274 at 3.)  Rojo-Alaniz's motion to continue is therefore denied.  That said, both parties indicated at the October 9, 2025 hearing that several developments may occur between now and November 18, including both a possible resolution of the case and/or the deportation of Rojo-Alaniz.  Any updates as to these issues may be raised at the November 3, 2025 trial confirmation hearing.

As of April 21, 2025, trial in this matter was to be held in Sacramento, California.  (*See* Doc. 253.)  However, the government has requested that trial be moved to Fresno.  Given that defense counsel is also located in Fresno, that request is granted.

Based on the foregoing, IT IS ORDERED that Rojo-Alaniz's motion to continue (Doc. 275) is DENIED.

IT IS FURTHER ORDERED that the November 18, 2025 trial will be held at the Robert E. Coyle Federal Courthouse in Fresno, California.

DATED this ___9___ day of October, 2025.

Donald W. Molloy, District Judge
United States District Court